PER CURIAM.
Following our opinion in this case, filed 1 July 1959, the matter was considered by the Supreme Court of the United States on writ of certiorari and our judgment was reversed and the cause remanded for proceedings consistent with the opinion of that court.
We will now analyze the opinion of reversal in an attempt to ascertain what this court should do to conform to the opinion.
It was recited that the petitioner had been tried, “without counsel,” convicted and sentenced to imprisonment for assault with intent to commit murder in the second degree. He did not appeal. Within a year he presented an “inartfully drawn” petition for habeas corpus from which the court gleaned that he was an ignorant, indigent, mentally ill Negro 29 years old who was unable to employ an attorney. He requested the court to appoint counsel and his request was declined, the judge stating; “‘[sjince this is not a capital offense you are not entitled to a court appointed attorney’ ” and “you won’t need a lawyer in. this case.” The petitioner was thereupon compelled to conduct his own defense though he had never appeared in court charged with a felony, was ignorant of court procedure and unequipped to represent himself.
The court then recited the issuance of the writ of habeas corpus by the Supreme Court of Florida, the contents of the return filed' by the Attorney General on behalf of the respondent, prison custodian, and quoted! from our decision reported in 113 So.2d at page 381. It was observed that we had! “without any hearing upon petitioner’s allegations” discharged our writ. The italics, are supplied for reasons which will presently be obvious.
The Supreme Court of the United States; then referred to features of the trial which they thought tended strongly to show the-petitioner’s ignorance, mental illness and' unfamiliarity with court procedure, all of which with the little assistance, “if any,” from the trial court “made the trial fundamentally unfair.” [365 U.S. 109, 81 S.Ct. 416.]
*153 The court concluded that due process required that the petitioner have assistance ■of counsel provided the allegations of his petition are found to be true and that this •court should grant a hearing to determine -the truth or falsity of the salient facts.
So we understand that it is our responsibility, in undertaking to abide by the decision of the Supreme Court of the United States, to judge the facts alleged and if they “be found to be true, to direct that the petitioner be re-tried with the assistance of an .attorney.
Meanwhile there has been submitted to ~us a stipulated statement of facts signed hy the Attorney General and a member of 'The Florida Bar described as “Counsel for Petitioner.” These facts are: The petitioner, 29 years of age, was tried, convicted and sentenced to 20 years imprisonment for assault with intent to commit murder in the second degree. He did not have the services of an attorney at any stage of the proceeding. He was financially unable to employ counsel and being unaware that he had any right to counsel furnished by the State did not request the trial court to appoint one. He was first represented by counsel 18 April 1960, which, incidentally, was more than nine months after our opinion was filed.
It should be noted here that although there appears in the opinion of the Supreme Court of the United States a reference to his request for counsel and a refusal of the trial judge to grant the request, the stipulation contains the statement that the petitioner did not know he had any ■“constitutional right” to such and “made no request of the trial judge for such counsel.”
To emphasize the point, it is represented in the stipulation that the allegations in the habeas corpus petition with reference to the request for counsel and the statements attributed to the trial judge, i. e., “ ‘you won’t need a lawyer in this case’ ” are untrue, and further that the averments about requesting a copy of the information are untrue.
It is, however, stipulated that the petitioner was not familiar with court proceedings; that he had never been hailed into court on a felony charge; that he graduated from Jewett Adult and Veteran High School at the age of 28; that the Supreme Court of the United States had access to the record of the trial and opined that the record showed “ ‘that petitioner was incapable of questioning witnesses and otherwise unable to conduct his defense’ ”; and that the petitioner received head injuries when he was in the armed services, experienced amnesia spells and developed emotional instability to such extent that he was confined in the Veterans’ Hospital at Bay Pines where he was a patient for five months.
Even though the statements about the request for counsel and the denial by the trial judge are repudiated in the stipulation, we gather from the opinion of the Supreme Court of the United States that enough remains of the facts established by the stipulation to impel us to the judgment that the petitioner be remanded to the Criminal Court of Record of Polk County for a new trial at which he must be advised that he has a constitutional right to ask for counsel and at which an appropriate inquiry should be made of his mental capacity.
TERRELL, Acting C. J., and THOMAS, HOBSON, THORNAL and O’CON-NELL, JJ., concur.